DuBOSE, District Judge,
concurring in the judgment:
I concur fully with the majority’s opinion that O’Neill cannot recover under the AIG policy. As to BOA, I also agree with the majority’s opinion that the District Court did not abuse its discretion in ruling on the validity of the mortgage clause.
I concur in the judgment only as to the determination that BOA cannot recover under the policy. I would affirm based on the District Court’s determination that in view of BOA’s unique involvement with the procurement of insurance, no contract was formed in favor of BOA. This is because BOA rejected the offer of insurance by requesting that the insured’s name be changed from O’Neill to Carolina.
I write to take exception to two of the majority’s determinations as it relates to BOA’s claim. First, the majority determined that in order for a mortgage clause to be valid, Pennsylvania law requires that an owner or mortgagor be the named insured. It is true that when discussing mortgage clauses, Pennsylvania courts have used the terms insured, mortgagor and owner interchangeably. However, under the facts of the cited cases, the terms were interchangeable. I do not agree that *1311 the interchangeable use of owner and insured in Pennsylvania law is a basis for holding that an insured must be the owner or mortgagor of the collateral to have a valid mortgagee clause included in the policy.[1]
Second, the majority determined that the policy’s plain language requires that the insured be the mortgagor/owner. The basis for this determination was because none of the five actors named in the mortgagee clause (from whose conduct the mortgagee is protected), was the named insured.[2] Thus, the majority concludes that the mortgagee clause would be rendered internally incoherent because the clause would not provide protection to the mortgagee from the acts of the insured.
I do not construe the mortgagee clause to require that the insured be the mortgagor/owner. It should be noted that the mortgage clause also provides that the mortgagee’s interest is not invalidated “by failure to comply with any warranty or condition over what the Mortgagee has no control.” (D.C. Doc. 478-1 at 23).' This phrase is not modified by reference to specific actors, but certainly would include the insured. Thus, if O’Neill failed to meet a condition of the policy over which file Mortgagee had no control, then the Mortgagee would be protected.[3]

.There are conceivable instances, which have not been addressed in Pennsylvania law, where it would be appropriate for a non-owner of the collateral to seek protection for the mortgagee. Such an instance occurred in this case. The loan agreement with BOA was executed by O'Neill (individually) as a co-borrower. (D.C. Doc. 477-1 at 27-30). The duly to obtain property insurance on the vessel and to insure the interests of AIG was found in the loan agreement and applied to both O’Neill and Carolina. {Id. at 28 ("You or yours means each borrower.... You agree to have physical damage insurance ... which covers both interests ... ”)). Thus O’Neill, as a borrower, had a duty and a financial interest in securing insurance that protected the mortgagee’s interest in the collateral.

. Although the District Court determined that O’Neill was an agent of the vessel, it was also determined that O’Neill was not acting as an agent when he procured the policy at issue.

. The “conditions” are defined to include the "AIG Private Client Group Yacht wording”. (D.C. Doc. 478-1 at 23). Looking to the policy, the general conditions are found at pages 18-21, and include that the policy is void if inaccurate or incomplete information is provided. (478-1 at 20).